## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.  04-10104-01 |
| | )        05-3339-MLB |
| | ) |
| JASON BOWEN, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

### ORDER

Before the court are the following:

1.   Defendant's motion pursuant to 28 U.S.C. § 2255 (Doc. 123);

2.   Government's response (Doc. 135); and

3.   Defendant's reply (Doc. 142).

Defendant was charged in a superseding indictment with various drug-related crimes (Doc. 38).  Thereafter, pursuant to a written plea agreement, defendant entered a plea of guilty to count three charging a violation of 21 U.S.C. § 841.  Defendant also signed, under oath, a petition to enter a plea.  Both the plea agreement and the petition specifically stated that the plea subjected defendant to a mandatory minimum five year sentence and a maximum sentence of 40 years (Docs. 51 and 52).  In accordance with Fed. R. Crim. P. 11, the court questioned defendant with respect to both the plea agreement and the petition.  Among other things, defendant affirmatively admitted that he understood both documents, including the minimum and maximum sentences, that his sentence would be determined by the court pursuant to the (then mandatory) guidelines

and that the court could not tell defendant what his guideline range or sentence would be until the presentence report had been prepared.   The court also went over in detail paragraph eight of the plea agreement which provides:

> 8.   <u>Waiver of Appeal and Collateral Attack</u>.  Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence.  The defendant is aware that Tile 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentenced imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2).  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.  However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

Defendant indicated his clear understanding of every explanation made by the court, as well as his satisfaction with the services of his counsel.   Had defendant not done so, the court would not have accepted his plea.

Ultimately, the court sentenced defendant on January 7, 2005 to 108 months confinement.   Defendant did not appeal.

In his motion, defendant asserts that his counsel was ineffective because he failed to file a notice of appeal after defendant requested him to do so.   Defendant does not state the issue or issues on which he wished an appeal to be taken.

Defendant also contends that the decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005) is retroactive.

<u>Waiver</u>

At the time of his plea, defendant waived not only his right to appeal but his right to file the instant motion.  In <u>United States v. Cockerham</u>, 237 F.3d 1179, the court stated:

> [I]t is consistent with Supreme Court precedent to enforce a waiver of § 2255 rights expressly contained in a plea agreement when the collateral attack does not challenge counsel's representation in negotiating or entering the plea or the waiver. . . . [W]e hold that a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver.  Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable.

<u>Id.</u> at 1187.

Even broadly construed, it is abundantly clear that defendant's ineffective assistance of counsel claim is predicated on his counsel's alleged failure to perfect a direct appeal.  "The Petitioner asserts that He did not receive effective assistance of counsel, specifically Petitioner asserts first and foremost that his counsel failed to file a notice of appeal in the instant case, as requested by the Petitioner."  (Doc. 123 at 2).  Defendant's claim clearly does not meet the requirements for a <u>Cockerham</u> exception to defendant's waiver of his right to file instant motion.  In any event, the court was satisfied at the time of defendant's plea that he was fully aware of his rights and the consequences of the waiver contained in the plea agreement.

In his reply, for the first time, defendant asserts that

-3-

"[c]ounsel was also ineffective when he informed the petitioner that his sentencing range would be between 5 to 40 years but if he took the plea agreement the maximum exposure would be, between 53 and 78 months, and that the safety valve provision under 5C1.2 of the U.S.C.G. was aplacable as long as the petitioner took the plea agreement." (Doc. 142 at 2).  This claim provides no basis for relief because defendant specifically acknowledged in the plea agreement and petition his understanding that sentence would be determined solely by the court.  (Doc. 51 at 4; Doc. 58 at 5).  In addition, it is the customary practice of this court to explain to a defendant that although he and his counsel may have discussed a potential guideline sentence, their discussion does not constitute the promise of a sentence, but rather counsel's advice regarding a possible sentence.  Once again, if defendant had not acknowledged his understanding of this, the court would not have accepted his plea.

Assuming, for purposes of discussion, that defendant had pursued a direct appeal, it seems certain that if the government had sought to enforce the waiver, defendant's appeal would have been dismissed.  In <u>United States v. Hahn</u>, 359 F.3d 1315 (10th Cir. 2004), the court established the following requirements for evaluating, <u>on direct appeal</u>, a defendant's waiver of his appeal rights:

> (1)  whether the disputed appeal falls within the scope of the waiver of appellate rights;
>
> (2)  whether the defendant knowingly and voluntarily waived his appellate rights; and
>
> (3)  whether enforcing the waiver would result in a

-4-

miscarriage of justice as we have defined herein. Id. at 1325.

Here, defendant's only identifiable ground of appeal is that he did not receive a sentence within the guideline range he and his attorney allegedly discussed. This claim, even if true, would not have presented a valid basis for a direct appeal because defendant acknowledged his understanding that he had not been promised a sentence by his counsel, or, for that matter, by anyone. Although defendant's sentence was greater than the guideline sentence he and his counsel allegedly discussed, defendant does not contend that the guideline range determined by the court (108-135 months) was incorrectly calculated. Furthermore, defendant does not assert that he did not understand that he was waiving his right to take a direct appeal. Finally, there can be no miscarriage of justice when defendant makes a knowing and voluntary guilty plea and then receives a legal sentence. Therefore, defendant's waiver of appeal is enforceable.

## Booker

Defendant was sentenced on January 7, 2005, five days before the Supreme Court decided Booker. Defendant's case was not final and therefore the applicability of Booker must be considered because the court added two points to defendant's base offense level for possession of a firearm, an offense not charged in the indictment and not explicitly admitted by defendant. U.S.S.G. § 2D1.1(b)(i). Compare United States v. Bellamy, 411 F.3d 1182 (10th Cir. 2005). Nevertheless, defendant's plea agreement did contain a waiver of Blakely rights.

> 9.  _Waiver of Blakely rights_.  The defendant agrees to
> waive any rights that may have been conferred under
> _Blakely v. Washington,_ 2004 WL 1402697 (June 24, 2004),
> and agrees to have the sentence in this case determined
> under the U.S. Sentencing Guidelines (Guidelines). The
> defendant further waives any right to have facts that
> determine the offense level under the Guidelines alleged
> in an indictment and found by a jury beyond a reasonable
> doubt; agrees that facts that determine the offense level
> will be found by the Court at sentencing by a
> preponderance of the evidence and agrees that the Court
> may consider any reliable evidence, including hearsay;
> and the defendant agrees to waive all constitutional
> challenges to the validity of the Guidelines.

Once again, the court discussed this paragraph with defendant, who indicated his understanding of its effect.  If defendant had not indicated his understanding, the court would not have accepted defendant's plea.

Defendant lodged several objections to the presentence report. His first objection was to the base offense level of 32.  Defendant asserted that he was convicted only of arranging the sale of 36.22 grams of crack cocaine which should have resulted in a base offense level of 30.   However, defendant withdrew this objection at sentencing and the court adopted the position of the probation officer that defendant also was responsible for additional acts based on relevant conduct.   Once again, the plea agreement set forth defendant's understanding that "the conduct charged in any dismissed counts of the indictment is to be considered as well as all other uncharged related criminal activity as relevant conduct for purposes of calculating the offense level for count three . . . ."  At the time of his plea, the court explained the potential affect of relevant conduct to defendant and defendant indicated his understanding that his sentence could be based upon other charges

in the indictment as well as conduct not charged.  If defendant had not indicated his understanding, the court would not have accepted his plea.

Defendant also objected to a two point increase for possession of a firearm, an offense not charged in the indictment.  Once again, however, the relevant conduct and <u>Blakely</u>-waiver provisions of the plea agreement together allowed for the imposition of this enhancement.  At sentencing, defendant's counsel stated "if you do isolate it then the enhancement is not valid.  If you're looking at relevant conduct, there were certainly guns possessed by my client being sold to the undercover agent.  That's, you know, we would stipulate those facts are true You Honor."

Defendant objected to not being given a four point reduction for his minimal involvement (changed at sentencing to minor participant).  The court overruled this objection on the basis that defendant had not met his burden to demonstrate his minimal or minor involvement.  This ruling does not implicate <u>Booker</u>.

The court ultimately sentenced defendant to 108 months confinement, the low end of the guideline range calculated in the presentence report.

Like every district judge in the known universe prior to January 12, 2005, this court treated the sentencing guidelines as mandatory.  Therefore, when the court applied the two level enhancement for weapon possession, the court committed "non-constitutional <u>Booker</u> error."  <u>United States v. Clifton</u>, 406 F.3d 1173, 1181 (10th Cir. 2005) ("nonconstitutional <u>Booker</u> error is present in every post-Guidelines, pre-<u>Booker</u> case . . . .") It is

arguable, the court supposes, that it also committed "constitutional <u>Booker</u> error" if the enhancement can be viewed as a finding of fact by a preponderance of the evidence that increased defendant's sentence beyond what his guilty plea alone would support. <u>Id.</u> If the court had to resolve this arguable issue in order to decide the motion, it would conclude that defendant's voluntary plea, which encompassed relevant conduct, coupled with a <u>Blakely</u> waiver and counsel's statements at sentencing, in effect allowed for a sentence that defendant's guilty plea alone would support. However, even if the court committed "constitutional <u>Booker</u> error," the error does not entitle defendant to relief.

<u>Booker</u> error was not raised in this court. Therefore, <u>Booker</u> error can be corrected only if (1) the sentencing court committed an actual error, (2) the error is plain or obvious, (3) the plain error affects substantial rights, and (4) the plain error seriously affects the fairness, integrity, or public reputation of judicial proceedings. <u>Id.</u> Pursuant to <u>Clifton</u>, the court finds that the first two types of error are satisfied.

In <u>Clifton</u>, Judge Baldock explained in his usual clear and concise way the third and fourth types of error in the aforesaid standard of review:

> Under the third prong, in the context of either non-constitutional or constitutional <u>Booker</u> error, a defendant can carry her burden of proving either error affected substantial rights by demonstrating "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." <u>United States v. Gonzalez-Huerta</u>, 403 F.3d 727, 733 (10th Cir. 2005) (internal quotations omitted); <u>United States v. Dazey</u>, 403 F.3d 1147, 1175 (10th Cir. 2005) (Dazey, 403 F.3d at 1175. At least two ways exist in which a defendant can carry her burden under the third prong of

-8-

the plain-error test. First, non-constitutional or constitutional <u>Booker</u> error may affect substantial rights if the defendant shows "a reasonable probability that, under the specific facts of his case as analyzed under the sentencing factors of 18 U.S.C. § 3553(a), the district court judge would reasonably impose a sentence outside the Guidelines range." <u>Dazey</u>, 403 F.3d at 1175 & n. 4 (footnote 5 omitted). For example, a defendant can show a non-constitutional <u>Booker</u> error affected substantial rights with evidence of (1) a disconnect between the § 3553(a) factors and his sentence, and (2) the district court's expressed dissatisfaction with the mandatory Guidelines sentence in his case. <u>United States v. Trujillo-Terrazas</u>, 405 F.3d 814, 818-19 (10th Cir. 2005); <u>see also</u> <u>Gonzalez-Huerta</u>, 403 F.3d at 734 (explaining a defendant can satisfy the third prong of the plain-error test by demonstrating "the sentencing judge expressed unhappiness on the record with the mandatory nature of the Guidelines as it relates to the sentence in that particular case[.]"); <u>Dazey</u>, 403 F.3d at 1175 (same).

* * *

Finally, under the fourth prong, a defendant must demonstrate the <u>Booker</u> error seriously affects the fairness, integrity, or public reputation of judicial proceedings. <u>Gonzalez-Huerta</u>, 403 F.3d at 735. This is a demanding standard and we apply it rigidly, refusing to notice non-constitutional <u>Booker</u> error unless the error is "particularly egregious" and failure to notice the error would result in a "miscarriage of justice." <u>Id.</u> In the case of constitutional <u>Booker</u> error, however, we conduct the analysis "less rigidly." <u>See</u> <u>United States v. James</u>, 257 F.3d 1173, 1182 (10th Cir. 2001). A "less rigid" analysis "means we do not require the <u>exceptional</u> showing required to remand a case of non-constitutional error." <u>Dazey</u>, 403 F.3d at 1178 (emphasis added).

To date, we have identified three non-exclusive factors to channel the exercise of discretion under the fourth prong when faced with a plain <u>Booker</u> error that affects substantial rights. First, a constitutional <u>Booker</u> error will be more freely noticed. <u>Compare</u> <u>Gonzalez-Huerta</u>, 403 F.3d at 739 (explaining the lack of a Sixth Amendment violation weighed against the exercise of discretion) <u>with</u> <u>Dazey</u>, 403 F.3d at 1178 (explaining the existence of a Sixth Amendment violation weighed in favor of the exercise of discretion); <u>see also</u> <u>Gonzalez-Huerta</u>, 403 F.3d at 742 (Ebel, J., concurring in part, dissenting in part) (explaining a constitutional <u>Booker</u> error is much more likely to cast judicial proceedings in disrespect and, therefore, more difficult

-9-

to uphold).  Second, the strength or lack of evidence supporting the defendant's sentence under the Guidelines must be considered.  <u>Gonzalez-Huerta</u>, 403 F.3d at 742 (finding the defendant's Guidelines sentence without any mitigating evidence justifying departure from the national norm, as reflected in his Guidelines sentence, weighed against the exercise of discretion); <u>Dazey</u>, 403 F.3d at 1178 (finding the defendant's vigorous attack at his sentencing hearing on the judge-found facts that increased his sentence weighed in favor of the exercise of discretion); <u>cf.</u> <u>United States v. Cotton</u>, 535 U.S. 625, 634, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002). (refusing to notice a forfeited constitutional error where overwhelming and uncontroverted evidence supported the defendant's conviction); <u>United States v. Gonzalez Edeza</u>, 359 F.3d 1246, 1251-52 (10th Cir. 2004)(same). Third, we may consider whether the <u>Booker</u> error substantially increased the defendant's sentence.  <u>Compare Dazey</u>, 403 F.3d at 1178 (finding a substantial increase in the defendant's sentence based upon judge-found facts weighed in favor of the exercise of discretion) with <u>Gonzalez-Huerta</u>, 403 F.3d at 738 (concluding the defendant's Guidelines sentence was not particularly egregious given, among other factors, the lack of record evidence to support a lower sentence).  The third factor is ordinarily not present when a defendant raises non-constitutional <u>Booker</u> error, <u>see</u> <u>id.</u>, but it may be considered in the context of whether the objective consideration of the § 3553(a) factors warrant a departure from the Guidelines sentence in the defendant's case. <u>See</u> <u>Trujillo-Terrazas</u>, 405 F.3d at 819.

<u>Id.</u> at 1181-82.  (Full citations supplied).

When the court imposed sentence, he did not express any dissatisfaction with the guidelines or any wish that he could impose a sentence below the calculated guideline range.  There is nothing in the record to suggest, and the undersigned recalls nothing unexpressed, that defendant deserved a downward departure. Thus, defendant cannot satisfy the third prong.

Turning to the fourth prong, and considering the worst-case scenario of constitutional error, the court finds that defendant cannot demonstrate error, much less plain error.  Defendant does not contest the validity of his underlying conviction and the then-

applicable guideline calculation with respect to that conviction. Defendant's only <u>Booker</u> argument deals with a two-point enhancement which raised his guideline range from 87-108 to 108-135 months. Defendant received a sentence which was lawful under both guideline ranges.  The court fails to see how <u>Booker</u> error seriously affected the fairness, integrity or public reputation of judicial proceedings.  If the court were sentencing defendant in a post-<u>Booker</u> proceeding, he still would impose the 108-month sentence. Accordingly, defendant cannot satisfy the fourth prong.

<u>Conclusion</u>

The court finds that the files and records clearly show that defendant is entitled to no relief and accordingly, his motion pursuant to § 2255 is denied.

A motion for reconsideration of this order is not encouraged. Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

Dated this <u>  15th  </u> day of November 2005, at Wichita, Kansas.


<u>s/ Monti Belot                    </u>
Monti L. Belot
UNITED STATES DISTRICT JUDGE

-11-