IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | |
| v. | ) | No.  04-10104-01 |
| | ) | |
| JASON BOWEN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Defendant's pro se "Motion to Terminate Gun Conviction Pursuant to Defendant's Constitutional right to Possess A Gun Under the Second Amendment" (Doc. 154); and

2. Government's response (Doc. 155).

Defendant stands convicted of a violation of 21 U.S.C. § 841 following a plea of guilty.  He was sentenced on January 3, 2005. Defendant's base offense level was enhanced by two because he possessed a firearm.   See PSR ¶ 51; U.S.S.G. § 2D1.1(b)(1). Defendant's objection to the two-point increase was overruled and a 108 month sentence was imposed.  Defendant did not appeal and his motion pursuant to 28 U.S.C. § 2255 was denied on November 15, 2005 (Doc. 143).  He did not appeal the denial.

Viewed liberally, defendant's motion attacks the two-point enhancement on the basis of <u>District of Columbia v. Heller</u>, 128 S. Ct. 2783 (2008) which holds, <u>inter alia</u>, that the Second Amendment conferred an individual right to keep and bear arms.  There are many reasons why <u>Heller</u> has no application to this case but the most obvious is that it did not hold that a person has a constitutional

right to possess a firearm in connection with a federal drug trafficking offense.  The court also agrees with the arguments and authorities set forth by the government in in its response.

Accordingly, defendant's motion is denied.

IT IS SO ORDERED.

Dated this ___4th___ day of August 2008, at Wichita, Kansas.


                                        s/ Monti Belot
                                        Monti L. Belot
                                        UNITED STATES DISTRICT JUDGE